J. D. RABORN, *Plaintiff in Error,* v. THE STATE OF
FLORIDA, *Defendant in Error.*

Opinion filed April 5, 1916.

CRIMINAL LAW—WITHHOLDING MEANS OF SUPPORT BY PARENT FROM
HIS CHILDREN—WHAT CONSTITUTES.

1.  Where the evidence on a trial for the wilful withholding of
the means of support from the defendant's children shows
the following state of facts: The defendant left his home in
a small country village and went to a distant State where he
engaged in the. practice of his profession as a physician,
leaving his wife and six children and a man relative of his
in a comfortable and roomy home abundantly furnished, and
with an abundance of clothing and bed coverings, and after
an absence of about two and a half months he was brought
back to this State under a warrant sued out by his wife
charging him with the crime of wilfully withholding the
means of support from his children. When he left he made
out and verified divers accounts that he held against vari-
ous of his patrons and with a power of attorney delivered
them to the male relative of his who resided at his home
with his family, with instructions to collect said accounts
and to devote such collections to the maintenance and sup-
port of his family during his absence. That during the
two and a half months that he was away his family got the
benefit of upwards of $167.00 in money, sent back by him
after he left, and some of it left by him at the time he left,
and in groceries and country produce from collections made
of the accounts left by him. $107.45 of this amount being
admittedly received directly by his wife including therein
$10.00 sent to her oldest daughter by the defendant. That
since his return to Florida, he has taken his three oldest
children, a girl of fourteen years of age and two boys, one
twelve years and the other nine years of age, and has put
them at a boarding school where he maintains them; and
besides since his return he has been and is still paying $30.00
per month to his wife for her support and that of his three

remaining youngest children. Under these circumstances: Held, That a case has not been made out of a wilful withholding from the defendant's children of the means of procuring the necessities of life. The law does not require luxuries to be supplied by the parent, but the means of support that he must wilfully withhold to make him amenable to punishment under this criminal statute, contemplate only the necessities of life such as he has the ability to supply.

Writ of Error to Circuit Court, Walton County; C. L. Wilson, Trial Judge.

Judgment reversed.

*J. W. Kehoe* and *D. Stuart Gillis,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for Defendant in Error.

TAYLOR, C. J.—The plaintiff in error, hereinafter referred to as the defendant, was convicted and sentenced in the Circuit Court of Walton County for the crime of unlawfully withholding the means of support from his six children, and brings such judgment here for review by writ of error. But one assignment of error is argued and presented here, and that is that the verdict of conviction is contrary to the evidence and is not supported thereby.

After a careful consideration of the evidence brought here in the transcript in this case, we have come to the conclusion that this assignment is well taken. Without reiterating it here in detail, the evidence makes out the following case: The defendant left his home at the small village of Freeport about or on the 17th day of

October, 1914, and went to a distant State where he entered into the practice of his profession as a Physician. Before leaving he made out and verified divers accounts that he held against various of his patrons and with a power of attorney, or deed of trust as it is called in the evidence, delivered them to one Simon Raborn, a relative of his, who had for some time been, and was then, living with his family at his house, with instructions to collect said accounts and to devote such collections to the maintenance and support of his family during his absence. That the defendant returned to Florida the last of December, 1914, or first of January, 1915, after an absence of about two and one-half months, when he was brought back in the custody of the sheriff under process for his arrest in this proceeding instituted by his wife. That since his return he has taken the three eldest children, a girl of the age of fourteen years, a boy of the age of twelve years, and another boy of nine years of age and has put them at a boarding school where he maintains them; and besides that since his return he has been and is paying to his wife for her support and that of the three younger children the sum of thirty dollars per month. That when he left home he left the family in a comfortable and roomy home, abundantly furnished, and with plenty of clothing and bed coverings. That during the two and a half months that he was away his family got the benefit of upwards of $167.00 in money, sent back by him after he left, and some of it left by him when he left, and in groceries and country produce from collections made on the accounts left by him. $107.45 of this amount being admittedly received directly by his wife including therein $10.00 sent to her oldest daughter by the defendant. Under these circumstances we cannot say that there was a wilful withholding from the defend-

ant's children of the necessities of life. This law does not require luxuries to be supplied by the parent, but the means of support that he must withhold to make him amenable to the act contemplates only the necessities of life such as he has the ability to supply.

The judgment of the court below in said cause is hereby reversed at the cost of Walton County.

SHACKLEFORD, COCKRELL, WHITFIELD and ELLIS, JJ., concur.